**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **MELECIO ARREOLA-LOPEZ,** ) | |
| ) | |
| Petitioner/Defendant, ) | |
| ) | **CIVIL NO. 07-cv-780-MJR** |
| vs. ) | |
| ) | **CRIMINAL NO. 06-cr-30077-MJR** |
| **UNITED STATES of AMERICA ,** ) | |
| ) | |
| Respondent/Plaintiff. ) | |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

This matter is before the Court for preliminary review of Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). *See* Rule 4(b) of the Rules Governing § 2255 Proceedings in the United States District Courts.

**Background.**

On June 8, 2006, Petitioner was charged with conspiracy to posses with intent to distribute cocaine in violation of 28 U.S.C. §§ 841(a)(1) and 846. *See United States v. Arreola-Lopez*, No. 3:06-cr-30077-MJR (S.D. Ill.). On January 19, 2007, Petitioner pleaded guilty as charged in the indictment. On April 20, 2007, this Court imposed a sentence of 70 months incarceration, 5 years supervised release, a special assessment of $100.00 and a fine of $500.00 (Doc. 105). Petitioner did not appeal his conviction or sentence.

At the time Petitioner committed the above offense, he was on supervised release for illegally entering the United States in violation of 8 U.S.C. § 1325(a). *See United States v. Arreola-Lopez*,

1

No. 3:03-cr-30121-DRH (S.D. Ill.). Consequently, Petitioner was charged with violating the terms of his supervised release. Petitioner admitted the violations and, on May 4, 2007, the Honorable David R. Herndon, Chief Judge, sentenced Petitioner to 12 months incarceration "to run consecutive to 3:06CR30077-01 MJR."

**Petitioner's motion to vacate.**

Petitioner's § 2255 motion enumerates two grounds for relief. For ground one, Petitioner claims that this Court intended to impose "a term of imprisonment of no more than five (5) years" with respect to his conviction in Case No. 3:06-cr-30077-MJR, not the 70 month term of imprisonment actually imposed.

For ground two, Petitioner claims that Chief Judge Herndon "failed to consider [his] discretionary power" to make Petitioner's sentence in Case No. 3:03-cr-30121-DRH run concurrent to the sentence imposed by this Court in Case No. 3:06-cr-30077-MJR.

In addition to grounds one and ground two , it appears the Petitioner is also challenging the manner in which the Federal Bureau of Prisons ("BOP") is executing his two sentences.

**Discussion.**

At the outset, this Court notes that Petitioner is attacking two separate judgments in this § 2255 action: (1) this Court's judgment in Case No. 3:06-cr-30077-MJR; and (2) Chief Judge Herndon's judgment in Case No. 3:03-cr-30121-DRH. This is not permitted. Rule 2(d) of the Federal Rules Governing § 2255 Proceedings for the United States District Courts (hereinafter "§ 2255 Rules") states: "[a] moving party who seeks relief from more than one judgment must file a separate motion covering each judgment." Consequently, ground two of the instant motion will be

severed from this action and a new civil case will be opened for ground two.[1]

Additionally, beyond challenging the judgments rendered by this Court and by Chief Judge Herndon, Petitioner appears to challenge the manner in which his sentences are being executed by the BOP. Challenges to the manner in which a valid sentence is being executed must be asserted in a § 2241 petition, not a § 2255 action. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991). Petitions pursuant to § 2241 challenging the manner in which a sentence is being executed should be filed in the judicial district where Petitioner is incarcerated and his immediate custodian can be found. 28 U.S.C. § 2241(a). Neither Petitioner nor his immediate custodian are located in this judicial district. Consequently, the Court will dismiss Petitioner's claim that the manner in which his sentences are being executed by the BOP violates his rights.

Finally, with respect to ground one, relief under § 2255 is "reserved for extraordinary situations." *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993); *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). A criminal defendant may attack the validity of his sentence under Section 2255 only if

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255. However, a Section 2255 motion "is neither a recapitulation of nor a substitute for a direct appeal." *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995). Therefore,

---

[1] Title 28 U.S.C. § 2255(f) sets forth a one-year limitations period for seeking § 2255 relief. Because the dismissal of ground two might run afoul of the one-year limitations period, the Court finds that ground two should be severed into a separate action rather than dismissed.

> [a]n issue not raised on direct appeal is barred from collateral review absent a showing of both good cause for the failure to raise the claims on direct appeal and actual prejudice from the failure to raise those claims, or if a refusal to consider the issue would lead to a fundamental miscarriage of justice.

Petitioner has not asserted any grounds indicating that he has either good cause for failing to raise his claim on direct appeal or actual prejudice from the failure to raise those claims.

Moreover, pursuant to 21 U.S.C. § 841(b)(1)(B), Petitioner's sentence could "not be less than 5 years . . . [nor] more than 40 years." Based on Petitioner's offense and prior criminal history, the Sentencing Guideline range was 70 to 87 months imprisonment. Plaintiff had actual notice of the applicable sentencing ranges (Doc. 101) (pre-sentence report, filed under seal). Plaintiff does not contend that the 70 month sentence actually imposed by this Court was improper. Instead, he asserts that this Court "intended" to impose a shorter sentence. This assertion, however, is entirely without merit. Because the sentence actually imposed on Petitioner is lawful, Petitioner has failed to allege facts indicating that his sentence was "imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Therefore, ground one of the instant § 2255 motion will be dismissed, with prejudice.

**Disposition.**

Ground two of the instant § 2255 action is **ORDERED SEVERED** from this cause of action and the Clerk is **DIRECTED** to open ground two as a separate § 2255 action and assign the newly severed action a new case number. The Clerk is further **DIRECTED** to directly assign the newly severed action to Chief Judge Herndon. The Clerk is **DIRECTED** to file a copy of this Memorandum and Order in the newly severed action for reference. Plaintiff is **ADVISED** that appeals from any Order entered in the newly severed action may not be appealed in this present

4

action, 3:07–cv-780-MJR, but must be appealed in the severed action only.

Petitioner's claim concerning the manner in which the BOP is executing his sentences is **DISMISSED,** without prejudice**.**

Ground one of the instant § 2255 action is **DISMISSED**, with prejudice. Because there are no remaining grounds for relief in the instant action, Petitioner's motion for relief pursuant § 2255 is **DENIED.**

**IT IS SO ORDERED.**

**DATED this 26 day of November, 2008.**

<u>s/ Michael J. Reagan</u>
**MICHAEL J. REAGAN**
**United States District Judge**
